# EXHIBIT A

## TO COMPLAINT

(Development Agreement: the "Agreement")

## DEVELOPMENT AGREEMENT

THIS AGREEMENT is entered into effective this 17th day of January 2005, ("Effective Date"), by and between Crowe Chizek and Company LLC, a limited liability company, having a place of business at 330 East Jefferson Blvd, South Bend, Indiana, 46601 ("Crowe Chizek") and Dennis Bamber, Inc., having a place of business at 4004 Technology Drive, South Bend, IN 46628-9744 ("Client").

### RECITALS

Client desires to have Crowe Chizek develop for it new software, modifications to existing software, documents or other tangible deliverables ("Deliverables") and in connection there with Crowe Chizek may perform some services for Client.

Crowe Chizek desires to develop such Deliverables for Client and to perform any services associated therewith in accordance with the terms of this Agreement.

NOW, THEREFORE, in consideration of the foregoing premises and the mutual promises and agreements set forth herein, and other good and valuable consideration, the parties hereto mutually agree as follows:

1. Definitions

As used herein:

a. "Statement of Work" means the detailed statement of development work and services to be performed by Crowe Chizek as set forth in Exhibit A attached hereto and made a part hereof, setting forth the specifications for the work to be performed; specific services to be performed by Crowe Chizek; a schedule for implementation and completion of the development work and services; the fees and expenses to be paid by Client (e.g., hourly rate or fixed fee); a list of the specific Deliverables to be developed by Crowe Chizek and delivered to Client pursuant to the work described therein; and the criteria for testing the Deliverables.

b. "Client Confidential Information' means any information, written or oral, disclosed to Crowe Chizek or known by Crowe Chizek as a consequence of or through the development work performed by Crowe Chizek in accordance with this Agreement, including, but not limited to, information related to research, development, products under development, manufacturing, purchasing, accounting, engineering, marketing, selling, Client requirements, and the documentation thereof, including information supplied to Crowe Chizek from outside sources for the purpose of performing the development work, with the following exceptions:

    (1) information which Crowe Chizek can demonstrate in writing was known by Crowe Chizek prior to being disclosed by Client to Crowe Chizek;

    (2) information ascertainable or obtainable from public or published sources;

   (3) information received by Crowe Chizek from a third party who is not employed by or affiliated with Client and is not under an obligation to Client to maintain such information in confidence; and

   (4) information which is or becomes known to the public generally other than by a breach of this Agreement by Crowe Chizek.

 c. "Crowe Chizek Confidential Information" means any information, written or oral, disclosed to Client by Crowe Chizek related to Crowe Chizek's business, including, but not limited to, information related to research, development, products under development, manufacturing, purchasing, accounting, engineering, marketing, selling, and the documentation thereof, including information supplied to Client from outside sources for the purpose of performing the development work, with the following exceptions:

   (1) information which Client can demonstrate in writing was known by Client prior to being disclosed by Crowe Chizek to Client;

   (2) information ascertainable or obtainable from public or published sources;

   (3) information received by Client from a third party who is not employed by or affiliated with Crowe Chizek and is not under an obligation to Crowe Chizek to maintain such information in confidence; and

   (4) information which is or becomes known to the public generally other than by a breach of this Agreement by Client.

 d. "Inventions" means discoveries, concepts, and ideas, whether patentable or not, including, but not limited to, apparatus, processes, methods, compositions of matter, techniques, and formulae, as well as improvements thereto or know-how related thereto which are made, conceived, created, or acquired by Crowe Chizek or its officers, employees, agents, and the like in the course of performing the development work or services pursuant to a Statement of Work. "Inventions" does not include any discovery, concept, or idea conceived, created, or acquired by Crowe Chizek or its officers, employees, agents and the like prior to the date of a Statement of Work unless such discovery, concept, or idea was conceived, created or acquired in the course of performing work or services pursuant to a prior Statement of Work under this Agreement.

 e. "Works" means works of authorship fixed in any tangible medium of expression by Crowe Chizek or its officers, employees, agents, and the like in the course of performing the development work or services pursuant to a Statement of Work, including, but not limited to, notes, specifications, drawings, blueprints, flow charts, memoranda, correspondence, records, notebooks, computer programs, data bases, documentation, reports, and charts, regardless of the medium in which they are fixed, and all copies, in whole or in part, thereof. "Works" does not include any work of authorship which was fixed in a tangible medium of expression by Crowe Chizek or its officers,

2

employees, agents and the like prior to the date of a Statement of Work unless such work of authorship was fixed in a tangible medium of expression in the course of performing work or services pursuant to a prior Statement of Work under this Agreement.

    f.    "Agreement" means the terms and conditions herein, all Statements of Work, and all documents incorporated herein by reference.

2.    Statements of Work

Under this Agreement, Client and Crowe Chizek may, from time to time, mutually agree on a development project which shall be described in a Statement of Work in the form set forth in Exhibit A. All Statements of Work shall be subject to acceptance by both Crowe Chizek and Client. Either party may elect not to accept a Statement of Work provided that acceptance is not unreasonably withheld. If either party elects not to accept a Statement of Work, then such Statement of Work shall not become a part of this Agreement. All Statements of Work must reference this Agreement. Upon acceptance by Crowe Chizek and Client of a Statement of Work such Statement of Work shall be signed by both parties. Only Statements of Work signed by both parties will become a part of this Agreement. All Statements of Work that are signed by both parties shall be numbered consecutively, attached hereto as part of Exhibit A, and shall be subject to, the terms and conditions of this continuing Agreement. In the event that there is any inconsistency between a term in a Statement of Work and the remainder of this Agreement, the term in the Statement of Work shall control, except that the terms of Sections 13 (Limited Warranties) and 14 (Limitation of Liability) shall control over any inconsistent terms in a Statement of Work and nothing in a Statement of Work shall be deemed to change or supersede the terms in Sections 13 and 14.

3.    Crowe Chizek Responsibilities

Crowe Chizek shall develop the Deliverables and perform any services set forth in the Statements of Work that are mutually accepted by Crowe Chizek and Client in accordance with the schedule set forth therein and shall provide overall management of the development work and services in accordance with the Statements of Work.

4.    Client Responsibilities

    a.    Client shall perform the tasks and obligations that are required to support the development work and services that have been identified in each Statement of Work that has been mutually accepted by Crowe Chizek and Client.

    b.    Client shall timely pay to Crowe Chizek the fees set forth in Section 5 in accordance with the schedule set forth in each Statement of Work for the work and services performed by Crowe Chizek.

c. Failure of Client to perform in a timely manner the tasks and obligations required to support the development work and services or to pay Crowe Chizek on time in accordance with the schedule set forth in the applicable Statement of Work may, in the sole discretion of Crowe Chizek, result in a corresponding delay in the schedule for performing the work and services, or in the event of failure to pay, the termination of the Statement of Work of this Agreement in its entirety.

5. <u>Fees and Payment</u>

a. Client shall pay Crowe Chizek fees for the development work and services performed by Crowe Chizek in accordance with the rates, fixed amounts and schedules set forth in each Statement of Work.

b. Crowe Chizek shall submit to Client invoices for the work and services performed under each Statement of Work and for actual reimbursable expenses incurred. Each invoice shall identify the Statement of Work and include a detailed description of the work and services in accordance with the schedules set forth therein performed by Crowe Chizek and documentation to support any reimbursable expenses.

c. Client shall pay Crowe Chizek the amounts set forth in each invoice within thirty (30) days of Client's receipt of such invoice. Client shall pay a finance charge of 1½% per month on the balance not received by Crowe Chizek within thirty (30) days of Client's receipt of an invoice.

d. Client may not withhold payment of any invoice for any reason except the rejection of a Deliverable under Section 9, and then only until such time as the Deliverable is accepted by Client.

6. <u>Changes in Statements of Work</u>

Client or Crowe Chizek may request from the other a change to a Statement of Work. If a change in a Statement of Work is requested by either party, Crowe Chizek shall inform Client in writing if such change would result in additional costs to Client or a change in the implementation schedule for the work and services to be performed, giving the details thereof. No change to a Statement of Work shall be effective until agreed to in writing by both parties. All agreed-to changes shall be attached to the appropriate Statement of Work and shall become a part of this continuing Agreement.

7. <u>Taxes</u>

Client shall pay all sales, use, property, excise, and other taxes (federal, state, local, or otherwise), including any tax penalties, but excluding Crowe Chizek's net income, which are levied or imposed by reason of Crowe Chizek's performance of any work or services under a Statement of Work. Client will furnish any certificate of exemption or similar document required to obtain exemption from any tax liability.

8. Progress Reports and Meetings

    a. At least once every week, Crowe Chizek shall report to Client the progress of the work and services under each Statement of Work ("Progress Reports"). Progress Reports shall include a summary of accomplishments, difficulties, potential or actual slippage in meeting deadlines, Deliverables or portions thereof completed, and work and services in progress.

    b. Crowe Chizek or Client may propose meetings as necessary to discuss progress on completing the work and services. Such meetings shall take place at the locations and times mutually agreeable to Client and Crowe Chizek.

9. Acceptance of Deliverables

Upon delivery by Crowe Chizek of a Deliverable to Client in accordance with a Statement of Work, Client shall have five (5) business days from the date of receipt of the Deliverable to evaluate, review and test such Deliverable ("Test Period") in accordance with the specifications and test criteria set forth in the applicable Statement of Work. In the event that Client believes that a Deliverable does not conform to the specifications or the test criteria set forth in the applicable Statement of Work, then Client shall notify Crowe Chizek in writing within the Test Period setting forth the reason or reasons why Client believes that such Deliverable does not conform. Client shall identify all non-conformities within a single written notice of rejection unless a non conformity prevents Client from evaluating or testing certain portions of a Deliverable. Client may reject a Deliverable only for its failure materially to conform to either the specifications or test criteria set forth in the Statement of Work. If Crowe Chizek has not received a written notice of rejection of a Deliverable within the Test Period, then such Deliverable shall be deemed to be accepted by Client. If Client delivers to Crowe Chizek written notice of rejection of a Deliverable within the Test Period, then Crowe Chizek shall have thirty (30) days from the date of receipt of a written notice of rejection either (i) to correct the non-conformities that Client identifies in the written notice or (ii) to develop a plan mutually agreeable to Client and Crowe Chizek to correct the non-conformities that Client identified in the written notice within a period of time agreed to by the parties in the plan; but in no event will this be for a period of time less than thirty days. Upon correction, Crowe Chizek will resubmit the corrected Deliverable to Client for evaluation, review, and testing and the procedure set forth above shall be repeated. Such procedure shall continue until the earlier of (i) the expiration of the Test Period without delivery of a written notice of rejection by Client, or (ii) the date written notice of acceptance is delivered to Crowe Chizek by Client ("Date of Acceptance"). In the event that the client puts the Deliverable into "production use", then such Deliverable shall be deemed to be accepted by Client.

10. <u>Ownership of Invention and Works</u>

a. Upon payment to Crowe Chizek by Client of all fees set forth in a Statement of Work, all Inventions and Works conceived, made or created by Crowe Chizek, either solely or jointly with Client in the course of Crowe Chizek's performance of work under such Statement of Work shall be assigned to and become the exclusive property of Client, subject to the reservation of rights and non-exclusive license set forth in this Section. Crowe Chizek will execute documents required to transfer ownership of any such Inventions or Works and the patent and copyright rights therein to Client. At Client's expense, Crowe Chizek will assist Client in securing patent and copyright protection in such Inventions and Works.

b. Upon payment to Crowe Chizek by Client of all fees set forth in a Statement of Work, Crowe Chizek will provide Client with one (1) copy of the source code for any computer software included in the Deliverables associated with such Statement of Work.

c. Crowe Chizek hereby reserves the following rights in and to Inventions and Works conceived, made or created by Crowe Chizek, either solely or jointly with Client, in the course of Crowe Chizek's performance of work or services under a Statement of Work, and Client hereby grants to Crowe Chizek a non-exclusive, perpetual, paid-up, irrevocable license to use portions of such Inventions and Works (including, but not limited to, reproduction thereof) in the performance of services or work for others, to modify portions of such Inventions and Works, and to reproduce and distribute portions of such Inventions, Works, and such modifications thereof in materials delivered to others in the performance of services or work for them.

11. <u>Non-Disclosure of Client Confidential Information</u>

a. Crowe Chizek acknowledges that all Client Confidential Information shall at all times remain the property of Client and Client shall have free and unlimited access at all times to all materials containing Client Confidential Information and shall have the right to claim and take possession of such materials on demand.

b. Except as required in Crowe Chizek's duties to Client, Crowe Chizek will not, during the term of this Agreement or thereafter, directly or indirectly use, divulge, disseminate, disclose, lecture upon, or publish any Client Confidential Information without having first obtained written permission from Client to do so.

c. Crowe Chizek will safeguard and maintain secret all Client Confidential Information and all documents and things that include or embody Client Confidential Information.

d. In order to comply with its obligations under this Section, Crowe Chizek shall bind and engage all of its officers, employees, agents, contractors and the like who might reasonably be

6

expected to perform or to assist in the performance of the Services to an agreement having terms the same as or equivalent to the terms of this Section of this Agreement.

  e. Upon termination of this Agreement, for whatever reason, or upon request by Client, Crowe Chizek will deliver to Client all notes, drawings, memoranda, correspondence, documents, records, notebooks, printouts, disks, programs, electronic or magnetic storage media, and similar repositories of Client Confidential Information, including all copies thereof, then in Crowe Chizek's possession or under Crowe Chizek's control, whether prepared by Crowe Chizek or by employees or agents of Crowe Chizek.

  f. This obligation to safeguard and maintain secret Client Confidential Information shall continue for a period of one (1) year after the earlier of termination of this Agreement or completion of all work and services under all Statements of Work.

  12. <u>Non-Disclosure of Crowe Chizek Confidential Information</u>

  a. Client acknowledges that all Crowe Chizek Confidential Information shall at all times remain the property of Crowe Chizek, and Crowe Chizek shall have free and unlimited access at all times to all materials containing Crowe Chizek Confidential Information and shall have the right to claim and take possession of such materials on demand.

  b. Except as required to assist Crowe Chizek with the provision of the services under this Agreement, Client will not, during the term of this Agreement or thereafter, directly or indirectly use, divulge, disseminate, disclose, lecture upon, or publish any Crowe Chizek Confidential Information without having first obtained written permission from Crowe Chizek to do so.

  c. Client will safeguard and maintain secret all Crowe Chizek Confidential Information and all documents and things that include or embody Crowe Chizek Confidential Information.

  d. In order to comply with its obligations under this Section, Client shall bind and engage all of its officers, employees, agents, and the like who might reasonably be expected to assist in the provision of the services to an agreement having terms of same as or equivalent to the terms of this Section of this Agreement.

  e. Upon termination of this Agreement for whatever reason or upon request by Crowe Chizek, Client will deliver to Crowe Chizek all notes, drawings, memoranda, correspondence, documents, records, notebooks, printouts, disks, programs, electronic or magnetic storage media, and similar repositories of Crowe Chizek Confidential Information, including all copies thereof, then in Client's possession or under Client's control, whether prepared by Client or by employees or agents of Client.

  f. This obligation to safeguard and maintain secret Crowe Chizek Confidential Information shall continue for a period of one (1) year after the earlier of termination of this Agreement or completion of all works and services under all Statements of Work.

7

13. Limited Warranties

　　a.　Client warrants and represents that it is free lawfully to make this Agreement.

　　b.　For a period of ten (10) days after the Date of Acceptance of a Deliverable as defined in Section 9 ("Warranty Period"), Crowe Chizek warrants that such Deliverable will conform to the specifications set forth in the applicable Statement of Work provided that Client notifies Crowe Chizek in writing of a nonconformity within such Warranty Period. EXCEPT AS PROVIDED IN THIS SECTION 13, CROWE CHIZEK MAKES NO OTHER WARRANTIES, EXPRESS OR IMPLIED, AND CROWE CHIZEK SPECIFICALLY DISCLAIMS ALL OTHER EXPRESS AND IMPLIED WARRANTIES, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

　　c.　The Warranties provided in Section 13(b) shall not apply to any Deliverable which (1) has been modified or altered by anyone other than Crowe Chizek, (2) has been subject to misuse, negligence or accident, (3) has been operated other than in accordance with the documentation prepared and supplied by Crowe Chizek for the Deliverable, (4) has been used in combination with any product or software not specified by Crowe Chizek in the applicable Statement of Work, (5) has been used with an operating or hardware platform and/or any software application that is different than that set forth in the applicable Statement of Work.

14. LIMITATION OF LIABILITY

　　a.　EXCEPT FOR CROWE CHIZEK'S OBLIGATIONS IN SECTION 15(c), CROWE CHIZEK'S LIABILITY TO CLIENT HEREUNDER FOR DAMAGES, REGARDLESS OF THE LEGAL THEORY OF THE CLAIM, SHALL NOT EXCEED ALL AMOUNTS ACTUALLY PAID TO CROWE CHIZEK UNDER THE APPLICABLE STATEMENT OF WORK FROM WHICH SUCH CLAIM AROSE, AND SUCH CLAIM FOR A RETURN OF AMOUNTS PAID SHALL BE CLIENT'S EXCLUSIVE REMEDY FOR ANY DAMAGES. CROWE CHIZEK'S OPTION TO REPAIR OR REPLACE A NONCONFORMING OR NONCOMPLIANT DELIVERABLE SHALL BE CLIENT'S EXCLUSIVE REMEDY AGAINST CROWE CHIZEK WITH RESPECT TO SUCH DELIVERABLE. FURTHER, CROWE CHIZEK SHALL NOT BE LIABLE TO CLIENT FOR LOST PROFITS OR FOR ANY SPECIAL, INCIDENTAL, OR CONSEQUENTIAL DAMAGES WHATSOEVER, EVEN IF CROWE CHIZEK KNEW ABOUT THE POSSIBILITY OF SUCH DAMAGES. CROWE CHIZEK IS EXPRESSLY NOT LIABLE FOR CLIENT'S DATA INTEGRITY OR FOR ANY DAMAGES THAT MAY OCCUR TO CLIENT'S DATA, BUSINESS, OR BUSINESS RELATIONSHIPS DUE TO MALFUNCTIONING OR UNAVAILABLE THIRD PARTY SOFTWARE OR HARDWARE.

　　b.　EXCEPT FOR CLIENT'S OBLIGATIONS IN SECTION 15(d), CLIENT'S LIABILITY TO CROWE CHIZEK HEREUNDER FOR DAMAGES REGARDLESS OF THE LEGAL THEORY OF THE CLAIM SHALL NOT EXCEED THE TOTAL AMOUNT CLIENT

HAS PAID AND IS OBLIGATED TO PAY TO CROWE CHIZEK UNDER THIS AGREEMENT. FURTHER, CLIENT SHALL NOT BE LIABLE TO CROWE CHIZEK FOR LOST PROFITS, OR FOR ANY SPECIAL, INCIDENTAL, OR CONSEQUENTIAL DAMAGES WHATSOEVER, EVEN IF CLIENT KNOWS ABOUT THE POSSIBILITY OF SUCH DAMAGES.

15. <u>Indemnity</u>

a. Crowe Chizek shall defend, indemnify and hold harmless Client from and against all damages to persons or property and any related costs and expenses, including court costs and reasonable attorney fees, caused solely by the negligence of Crowe Chizek and from and against all claims and liability and related costs and expenses, including court costs and reasonable attorney fees, resulting solely from a material breach of this Agreement by Crowe Chizek.

b. Client shall defend, indemnify, and hold harmless Crowe Chizek from and against all damages to persons or property and any related costs and expenses, including court costs and reasonable attorney fees, caused solely by the negligence of Client and from and against all claims and liability and related costs and expenses, including court costs and reasonable attorney fees, resulting solely from a material breach of this Agreement by Client.

c. Crowe Chizek shall defend, indemnify, and hold harmless Client against any claim of a third person for infringement of patents, copyrights, trade secrets or trademarks by a Deliverable created by Crowe Chizek and delivered to Client under this Agreement which has not been, either in whole or in part, developed according to specifications provided by Client: provided, however, that the foregoing undertaking of Crowe Chizek shall not apply unless Crowe Chizek has been informed as soon as practicable by Client of the charge or suit alleging such infringement and shall have been given the opportunity to take over the defense thereof. Further, the foregoing undertaking of Crowe Chizek shall not apply if the alleged infringement results from the use of the Deliverable in combination with equipment or software which was not provided by Crowe Chizek or from use of a Deliverable that has been altered or modified by someone other than Crowe Chizek after Crowe Chizek delivers such Deliverable to Client if such infringement would not have occurred from the use of the Deliverable by itself or use of the Deliverable without the alteration or modification. Except as provided in this Section 15(c), Crowe Chizek makes no warranty that any Deliverable will be free of any rightful claim of any third party of infringement. In the event of any claim of a third person for infringement by a Deliverable created by Crowe Chizek under this Agreement, Crowe Chizek may, at its own expense, and at its option either:

(1) procure for Client the right to continue using the Deliverable; or

(2) replace the Deliverable with a non-infringing counterpart; or

(3) modify the Deliverable so that it is non-infringing.

9

d. Client shall defend, indemnify, and hold harmless Crowe Chizek against any claim of a third party for infringement of patents, copyrights, trade secrets or trademarks by a Deliverable delivered to Client by Crowe Chizek under this Agreement which has been developed, either in whole or in part, to specifications which have been provided by Client or which includes alterations or modifications made by Client or which has been altered or modified by anyone other than Crowe Chizek after the Deliverable is delivered to Client.

16. Term and Termination

a. The term of this Agreement shall commence on the Effective Date and, unless sooner terminated as provided in this section, shall continue for an initial term of two (2) year(s) (the "Initial Term") or until Crowe Chizek has completed the development work and services it is obligated to perform under each Statement of Work that is a part of this Agreement, whichever occurs later. This Agreement shall renew for additional one (1) year terms (the "Renewal Terms") unless Client or Crowe Chizek notifies the other in writing at least thirty (30) days prior to the expiration of either the Initial Term or any of the Renewal Terms of its intention to terminate this Agreement; provided, however, that this Agreement shall not terminate until Crowe Chizek has completed the development work and services it is obligated to perform under each Statement of Work that is a part of this Agreement. In the event that Crowe Chizek completes all of the development work and services under all Statements of Work prior to the end of the Initial Term or any Renewal Term and no additional Statement of Work is agreed to by the parties prior to the end of the Initial Term or Renewal Term, then this Agreement shall automatically terminate at the end of the Initial Term or Renewal Term.

b. If Client shall, at any time during the Initial Term or any of the Renewal Terms of this Agreement, materially breach any obligation hereunder, including fail to pay any fee due (except for withholding payment based on the rejection of a Deliverable under Section 5(d)), and such breach shall not be cured within fifteen (15) business days after written notice from Crowe Chizek to Client specifying the nature of the breach, Crowe Chizek may terminate this Agreement.

c. If Crowe Chizek shall, at any time during the Initial Term or any of the Renewal Terms of this Agreement, materially breach any obligation hereunder, and such breach shall not be cured within fifteen (15) days after written notice from Client to Crowe Chizek specifying the nature of the breach Client may terminate this Agreement.

d. Sections 1 and 10 through 15, inclusive, shall survive the termination of this Agreement pursuant to this Section.

e. The exercise of either party of any right of termination shall not constitute a waiver of any other rights or remedies available to such party for violation of the terms of this Agreement or under applicable law.

17. Nature of Relationship Between Parties

Nothing herein shall be construed to place the parties in a relationship of partners or joint ventures and this Agreement does not make either party the agent or legal representative of the other for any purpose whatsoever. The parties further agree that no representation shall be made by either party that would create an apparent agency, employment, partnership, or joint venture. Neither party shall have the power, expressed or implied, to obligate or find the other in any manner whatsoever. Neither party shall be responsible for any act or omission of the other or any employee of the other. No employee of Crowe Chizek is or shall be considered an employee of Client for any purpose in connection with the performance of services under this Agreement.

18.  Non-Solicitation

For the duration of this Agreement and for the period of one (1) year following termination hereof, neither party shall, directly or indirectly, recruit or attempt to recruit any employee or agent of the other party or otherwise initiate any offer or promise of employment with any employee or agent of the other party without the prior written consent of the other party. If permission is granted by the other party to the party requesting permission and an employee or agent of the other party is employed by the party requesting permission any time prior to the termination of this Agreement or the one (1) year period thereafter, then the party requesting permission shall pay a fee to the other party in the amount of one (1) times the annual salary of such employee or agent for the year in which such employee or agent is employed by the party requesting permission.

19.  Assignment of Agreement and Binding Effect

Neither party shall assign this Agreement or any of its obligations under this Agreement without the prior written consent of the other party, except to an entity that succeeds to all of its business or assets to which this Agreement relates. The rights and obligations of this Agreement shall inure to the benefit of and be binding upon the legal representative, successors and assigns of both parties.

20.  Severability

The provisions of this Agreement shall be severable and, if any provision of this Agreement shall be held or declared to be illegal, invalid, or unenforceable, such illegality, invalidity, or unenforceability shall not affect any other provision hereof, and the remainder of this Agreement, disregarding such invalid portion, shall continue in full force and effect as though such void provision had not been contained herein.

21.  Notices

Any notice provided for herein shall be sent via certified mail, return receipt requested, to the addresses first written above.

22.  Headings

11

The headings of the several sections are inserted for convenience of reference only and are not intended to be a part of or to affect the meaning or interpretation of this Agreement.

23. <u>Force Majeure</u>

Neither party shall be responsible for any failure to comply with, or for any delay in performance of, the terms of this Agreement, including, but not limited to, delays in completion of the services, where such failure or delay is directly or indirectly caused by or results from events of force majeure beyond the reasonable control of such party.

24. <u>Insurance</u>

Each party shall maintain in full force and effect, and upon the request of the other party, shall furnish evidence satisfactory to the other party of the following insurance coverage:

(1) Comprehensive general liability insurance with minimum limits of $1,000,000 per occurrence and $5,000,000 combined single limit that will cover any and all losses to the insured's property, the property of the other party to this Agreement, the property of third parties, or personal injuries caused by the insured party.

(2) Workers' compensation insurance in accordance with applicable.

25. <u>Waiver</u>

No provision of this Agreement shall be deemed waived, unless such waiver shall be in writing and signed by the party against which the waiver is sought to be enforced. The waiver by either of the parties hereto of any breach of any provision hereof by the other party shall not be construed to be either a waiver of any succeeding breach of any such provision or a waiver of the provision itself.

26. <u>Entire Agreement</u>

This Agreement contains the entire agreement between the parties with respect to the subject matter hereof and supersedes all previous written or oral understandings, agreements, negotiations, commitments, or any other writings or communications with respect to such subject matter and takes precedent over any and all terms contained in any purchase orders which may have been previously or may be subsequently issued by Client related to the subject matter of this Agreement.

27. Modification

This Agreement may not be changed or modified in any manner except by an instrument in writing signed by each of the parties.

28. Governing Law

This Agreement shall be in all respects interpreted and construed in accordance with and be governed by the laws of the State of Indiana.

IN WITNESS WHEREOF, Crowe Chizek and Client have executed this Agreement.

| CROWE CHIZEK AND COMPANY LLC (Crowe Chizek) | DENNIS BAMBER, INC (Client) |
|---|---|
| Signed: *[signature]* | Signed: *[signature]* |
| Printed: Jonathan P. Cole | Printed: Joseph A Dittmer |
| Title: Executive | Title: Chief Information Officer |
| Dated: 1-27-2006 | Dated: Jan 24, 2005 |

13

**EXHIBIT A -- Statements of Work**

14