UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CROWE CHIZEK AND COMPANY LLC,<br><br>       Plaintiffs,<br><br>v.<br><br>GUITAR CENTER, INC. and MUSICIAN'S FRIEND, INC.,<br><br>       Defendants. | No. 07C 6128<br><br>Judge Pallmeyer<br><br>Magistrate Judge Nolan |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## GUITAR CENTER, INC. AND MUSICIAN'S FRIEND, INC.

Defendants Guitar Center, Inc. ("Guitar Center") and Musician's Friend, Inc. ("MFI") (collectively, the "Defendants"), by and through their attorneys, Latham & Watkins LLP, hereby respond to the Complaint filed by Plaintiff Crowe Chizek and Company LLC ("Plaintiff") as follows:

**PARAGRAPH NO. 1**: Plaintiff Crowe Chizek and Company LLC ("Crowe") brings this action against defendants Guitar Center, Inc. ("Guitar Center") and its wholly-owned subsidiary, Musician's Friend, Inc. ("MFI"), to stop defendants' continuing infringement of Crowe's copyrighted software. Crowe owns a registered copyright in its Ecommerce Framework and Integration computer software program (the "Software").

**RESPONSE**: Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the reasons that Plaintiff has pursued this action as alleged in Paragraph No. 1 and, on that basis, deny such allegations.

**PARAGRAPH NO. 2:** Crowe informed Guitar Center and MFI of their infringement, but they continue to use the Software, in knowing violation of Crowe's rights. Crowe now brings this action to enjoin the infringing use of its Software and to recover the monetary compensation to which it is entitled.

**RESPONSE:** Defendants admit that, on October 4, 2007, counsel for Plaintiff sent a letter to counsel for Guitar Center alleging that Guitar Center had engaged in acts of copyright infringement. Defendants deny that they have continued to use software in knowing violation of Plaintiffs' rights. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph No. 2 and, on that basis, deny such allegations.

**PARAGRAPH NO. 3:** Plaintiff Crowe Chizek and Company LLC is a limited liability company duly organized under the laws of Indiana, with a principal place of business at 320 East Jefferson Blvd., South Bend, Indiana 46624. It maintains places of business in this District at One Mid America Plaza, Suite 700, Oak Brook Terrace, Illinois 60181 and 70 West Madison Street, Chicago, Illinois 60602. Crowe provides business consulting services, including software development and implementation services, such as the development of electronic commerce (" Ecommerce") software and systems that allow Crowe's clients to sell products and services over the Internet.

**RESPONSE:** Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 3 and, on that basis, deny such allegations.

**PARAGRAPH NO. 4:** Upon information and belief, defendant Guitar Center, Inc. is a for-profit corporation organized under the laws of Delaware, with a principal place of business at 5795 Lindero Canyon Road, Westlake Village, CA 91362. It maintains numerous places of business in this District, through its wholly owned retail subsidiary, including in Algonquin, Arlington Heights, Chicago, Country Club Hills, Highland Park, Joliet, Naperville, Rockford, South Chicago, and Villa Park, Illinois.

**RESPONSE:** Defendants admit the allegations in Paragraph No. 4.

**PARAGRAPH NO. 5:** Upon information and belief, defendant Musician's Friend, Inc. is a wholly-owned subsidiary of defendant Guitar Center, Inc., and is a for-profit corporation organized under the laws of Delaware, with a principal place of business at 931 Chevy Way, Medford, OR 97504. Upon information and belief, it transacts substantial business in this district through its direct response catalog and website businesses.

**RESPONSE:** Defendants admit the allegations in Paragraph No. 5.

**JURISDICTION AND VENUE**

**PARAGRAPH NO. 6:** This Court has subject matter jurisdiction over Crowe's claims for copyright infringement and related claims pursuant to 17 U.S.C. § 501, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1331.

**RESPONSE:** Paragraph No. 6 includes assertions of law, not allegations of fact, and thus no response is required. To the extent Paragraph No. 6 is construed to include allegations of fact, Defendants admit such allegations.

**PARAGRAPH NO. 7:** The defendants are subject to personal jurisdiction in this Court because, upon information and belief, they have purposefully established substantial, continuous, systematic, and ongoing contacts with this District. Guitar Center, through its wholly owned subsidiary, maintains at least ten permanent retail locations in this District, all of whom do business under the Guitar Center name and mark. Upon information and belief, MFI, one of the world's largest direct marketers of music gear, knowingly targets consumers in this District and annually receives a substantial amount of revenue from consumers in this District. In addition, the defendants' knowing and infringing use of Crowe's copyrighted software causes foreseeable harm to Crowe in this District, because defendants transact substantial business in this District, and because Guitar Center, in particular, uses or possesses real estate in this District.

**RESPONSE:** Paragraph No. 6 includes assertions of law, not allegations of fact, and thus no response to such assertions is required. Defendants admit that one of their corporate affiliates maintains retail locations in this District and that MFI targets consumers in this District and annually receives a substantial amount of revenue from consumers in this District. Defendants deny that their use of any software has caused foreseeable harm to Plaintiff in this District. Defendants deny any and all remaining factual allegations in Paragraph No. 7.

**PARAGRAPH NO. 8:** Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because the defendants are subject to personal jurisdiction in this District, and because the copyright that is the subject of this action is located in this District.

**RESPONSE:** Paragraph No. 8 includes assertions of law, not allegations of fact, and thus no response is required. Defendants deny that the copyright that is the subject of this action is located in this District because copyrights cannot be "located" anywhere.

**PARAGRAPH NO. 9**: Crowe created the Software and owns all right, title, and interest to the copyright in the Software. Crowe registered the copyright in the Software with the United States Copyright Office, which duly issued Registration No. TXu 1-569-001.

**RESPONSE**: Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 9 and, on that basis, deny such allegations.

**PARAGRAPH NO. 10**: In January 2005, Dennis Bamber, Inc. ("DBI") was a for-profit music retail operation that conducted business through direct response catalogs and websites, including those branded as The Woodwind and Brasswind and Music123. The Woodwind and Brasswind brand primarily targets band, orchestra, and combo instrument purchases. The Music123 brand targets purchases of guitars, keyboards, amplifiers, and pro audio and recording equipment.

**RESPONSE**: Defendants admit the allegations in Paragraph No. 10.

**PARAGRAPH NO. 11**: In January 2005, Dennis Bamber, Inc. ('DBI") engaged Crowe to develop the Software for DBI's Ecommerce websites and to implement and service the Software for DBI (the "Agreement"). A true and correct copy of the Agreement is attached as Exhibit A.

**RESPONSE**: Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 11 and, on that basis, deny such allegations.

**PARAGRAPH NO. 12**: Crowe designed the Software, which, upon information and belief, is currently used to operate Ecommerce websites originally run by DBI beginning on or around July 30, 2006, and now run by Guitar Center and MFI. Such websites include www.music123.com and www.wwbw.com.

**RESPONSE**: Defendants deny that Guitar Center is running software designed by Crowe. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph No. 12 and, on that basis, deny such allegations.

**PARAGRAPH NO. 13**: Pursuant to the Agreement, Crowe provided additional development and related consulting services in connection with the Software in response to three Requests for Services (the "Requests") signed by DBI, respectively, on August 29, 2006, September 19, 2006, and November 3, 2006. True and correct copies of the Requests are attached as Exhibit B.

4

**RESPONSE:** Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 13 and, on that basis, deny such allegations.

**PARAGRAPH NO. 14:** Because Crowe performed services as an independent contractor, it was the author and owner of the copyright in the Software. In the Agreement, Crowe agreed to assign its ownership of the copyright in the Software after DBI had paid all fees owed to Crowe.

**RESPONSE:** The agreement referenced in Paragraph No. 14 speaks for itself and to the extent the allegations regarding that agreement vary therewith, Defendants deny such allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph No. 14 and, on that basis, deny such allegations.

**PARAGRAPH NO. 15:** On November 21, 2006, DBI filed a Voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code, in an action commenced the United States Bankruptcy Court in the Northern District of Indiana (the "Bankruptcy Court"), *In re: Dennis Bamber, Inc. d/b/a The Woodwind & Brasswind*, Case No. 06-31800 (the "Bankruptcy Case").

**RESPONSE:** Defendants admit the allegations in Paragraph No. 15.

**PARAGRAPH NO. 16:** At the time that DBI filed for bankruptcy in November, 2006, DBI owed Crowe more than $320,000 in unpaid fees under the Agreement and related Requests, and in Schedule F of DBI's schedule of assets and liabilities, DBI listed Crowe as a creditor holding an uncontested, unsecured claim in the amount of $320,296.69.

**RESPONSE:** Schedule F of DBI's schedule of assets and liabilities speaks for itself and to the extent the allegations regarding that schedule very therewith, Defendants deny such allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph No. 16 and, on that basis, deny such allegations.

**PARAGRAPH NO. 17:** On or about January 30, 2007, the Bankruptcy Court entered an order approving the sale of substantially all of DBI's assets to Guitar Center's subsidiary, MFI. One of the assets that DBI did not transfer to MFI was the Agreement and DBI's potential interest in the Software. Had DBI done so, Crowe would have been paid the full amount of its uncontested $320,296.69 claim.

**RESPONSE:** Defendants admit that the Bankruptcy court entered an order approving the sale of substantially all of DBI's assets to Guitar Center's subsidiary, MFI. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph No. 17 and, on that basis, deny such allegations.

**PARAGRAPH NO. 18:** Because DBI failed to "assume" the Agreement in the Bankruptcy Case and assign such agreement to Guitar Center in connection with the sale of DBI assets, the Agreement was not transferred to MFI and was deemed "rejected" in the Bankruptcy Case. Accordingly, Crowe retained all right, title, and interest in and to the Software and Crowe was and remains the sole and exclusive holder of the copyright in the Software.

**RESPONSE:** Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 18 and, on that basis, deny such allegations.

**PARAGRAPH NO. 19:** Nevertheless, Guitar Center and MFI apparently obtained a copy of the Software as a result of their purchase of DBI's assets. They had no right or license to use the Software, but they began to use it anyway after January 30, 2007, in disregard of Crowe's exclusive rights under Section 106 of the Copyright Act.

**RESPONSE:** MFI obtained a copy of software as a result of their purchase of DBI's assets and understood that software to be part of the purchased assets. Guitar Center denies that it obtained a copy of the software as a result of the purchase of DBI's assets. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph No. 19 and, on that basis, deny such allegations.

**PARAGRAPH NO. 20:** Crowe informed Guitar Center and MFI that they are infringing Crowe's registered copyright in the software. Although Crowe demanded that the defendants cease and desist their infringement, they have continued.

**RESPONSE:** Defendants admit that, on October 4, 2007, counsel for Plaintiff sent a letter to counsel for Guitar Center alleging that Guitar Center had engaged in acts of copyright infringement. Defendants deny the remaining allegations in Paragraph No. 20.

**PARAGRAPH NO. 21:** Upon information and belief, Guitar Center and MFI are deriving significant benefits from their infringing activities. These wrongful benefits include the revenue from online sales that are made possible by Crowe's Software.

**RESPONSE:** Defendants deny the allegations in Paragraph No. 21.

## COUNT I

## COPYRIGHT INFRINGEMENT

**PARAGRAPH NO. 22:** Crowe restates and re-alleges all of the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

**RESPONSE:** Defendants incorporate their responses to Paragraph Nos. 1-21 as and for their response to Paragraph No. 25.

**PARAGRAPH NO. 23:** Crowe owns the Software, the copyright in the Software, and the corresponding Certificate of Registration.

**RESPONSE:** Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph No. 23 and, on that basis, deny such allegations.

**PARAGRAPH NO. 24:** Guitar Center and MFI have infringed the copyright in Crowe's Software by, among other things, using copies of the Software and making copies of the Software on their computer systems without license, assignment, or other authorization from Crowe.

**RESPONSE:** Defendants deny the allegations in Paragraph No. 24.

**PARAGRAPH NO. 25:** Guitar Center and MFI have continued to use and make copies of Crowe's Software after being notified in writing that they were not authorized to do so. Consequently, their infringement is knowing, deliberate, and willful.

**RESPONSE:** Defendants deny the allegations in Paragraph No. 25.

**PARAGRAPH NO. 26:** As a result of their wrongful conduct, Guitar Center and MFI are liable to Crowe for copyright infringement pursuant to 17 U.S.C. § 501.

**RESPONSE:** Defendants deny the allegations in Paragraph No. 26.

**PARAGRAPH NO. 27:** Crowe has suffered, and will continue to suffer, substantial losses and is entitled to recover monetary compensation, including its actual losses and any and all profits

7

Guitar Center and MFI have made as a result of their wrongful conduct, pursuant to 17 U.S.C. § 504.

**RESPONSE:** Defendants deny the allegations in Paragraph No. 27.

**PARAGRAPH NO. 28:** Crowe is also entitled to immediate injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Crowe has no adequate remedy at law for defendants' wrongful conduct because, among other things, (a) the copyright in the Software is unique and valuable property which has no readily determinable market value, and (b) defendants' wrongful conduct, and the resulting damage to Crowe, is continuing.

**RESPONSE:** Defendants deny the allegations in Paragraph No. 28.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Complaint and the claim alleged therein, Defendants allege as follows:

### First Affirmative Defense

### (Failure to State a Claim for Relief)

The Complaint in whole or in part fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

### (Fair Use)

The Complaint is barred in whole or in part by the doctrine of fair use.

### Third Affirmative Defense

### (Laches)

The claim is barred in whole or in part by application of the doctrine of laches, owing to an unreasonable delay in bringing the action and Defendants' prejudice as a result of that delay.

### Fourth Affirmative Defense

### (Estoppel)

The claim is barred in whole or in part by application of the doctrine of estoppel.

### Fifth Affirmative Defense

### (Waiver)

The claim is barred in whole or in part by application of the doctrine of waiver, due to Plaintiff's knowledge, acts and omissions, namely that Plaintiff has acquiesced, unduly delayed, and generally failed to act on its own behalf to protect its alleged rights.

### Sixth Affirmative Defense

### (Acquiescence)

The claim is barred in whole or in part by application of the doctrine of acquiescence, in that the Plaintiff has acquiesced implicitly to those purported acts of which it now complains.

### Seventh Affirmative Defense

### (Justification and Privilege)

The claim is barred in whole or in part because Defendants' actions respecting the subject matters alleged in the Complaint, and each of them, to the extent that they were taken at all, were undertaken in good faith, and constitute lawful, proper, and justified means to further its purpose of engaging in and continuing its business.

### Eighth Affirmative Defense

### (Other Parties Responsible)

If anyone is legally responsible for any and all of the alleged acts, or the harm or damage alleged suffered by Plaintiff, it is someone other than Defendants, and the liability of Defendants, if any, should be reduced proportionally.

### Ninth Affirmative Defense

### (Non-Willful Conduct)

Any and all acts alleged to have been committed by Defendants, if performed, were performed with lack of knowledge and lack of willful intent.

### Tenth Affirmative Defense

### (Remote, Speculative And Contingent Damages)

To the extent that Plaintiffs claim damages that will be incurred in the future, such damages may not be recovered as they are remote, speculative and contingent.

### Eleventh Affirmative Defense

### (Failure to Mitigate)

Defendants are informed and believe, and on that basis allege, that Plaintiff, in the exercise of reasonable diligence, could have mitigated the alleged damages to itself, but failed to exercise such reasonable diligence and did not mitigate its alleged damages.  Therefore, Plaintiff is barred from recovery, in whole or in part.

## Twelfth Affirmative Defense

### (Reservation)

Defendants reserve the right to rely on all further affirmative defenses that become available or appear during discovery proceedings in this action, and Defendants reserve the right to amend this Answer for the purpose of asserting any such additional affirmative defenses.

\* \* \*

The pleading of the defenses described above shall not be construed as an undertaking by Defendants of any burden that would otherwise be the responsibility of Plaintiff. The inclusion of any defense herein is not an admission that such defense would be waived if not included. Additionally, the omission herein of certain other defenses does not waive Defendants' right to assert those defenses in the future.

\* \* \*

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor, dismiss the Complaint with prejudice, award Defendants the costs and fees that they have incurred in the defense of this matter, and grant such further relief as the Court deems proper.

Dated:  November 26, 2007

Respectfully submitted,

\_\_\_\_/s/ Matthew W. Walch
Matthew W. Walch
Robert C. Levels
LATHAM & WATKINS LLP
233 South Wacker Drive
Sears Tower, Suite 5800
Chicago, Illinois 60606
(312) 876-7700

Attorneys for Defendants Guitar Center, Inc. and Musician's Friend, Inc.